| | |
|---|---|
| JEFFREY ALAN SPINDEL and KEVIN McCARTHY, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>GORTON'S, INC.<br><br>            Defendant. | Civil No. 1:22-cv-10599-PBS<br><br>District Judge Patti B. Saris |

## DEFENDANT GORTON'S, INC.'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Gorton's, Inc. ("Gorton's" or "Defendant") hereby answers the Class Action Complaint (the "Complaint") of Plaintiffs Jeffrey Alan Spindel and Kevin McCarthy (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, as follows:

Plaintiff's Introductory Statement consists of argument of counsel to which no response is required. To the extent a response is required, Gorton's denies all allegations in the Introductory Statement, including without limitation the misplaced challenges to Gorton's practices and the assertion that Plaintiffs will be able to prove their claims or that their claims are appropriate for class treatment.

## INTRODUCTION

1.     Answering paragraph 1, Gorton's admits that Defendant is a subsidiary of Nippon Suisan Kaisha, Ltd., that Nippon Suisan Kaisha, Ltd. is based in Japan, and that Gorton's produces fish products including fish sticks. Gorton's otherwise denies all allegations in paragraph 1.

2.     Answering paragraph 2, Gorton's admits that Defendant has sold its tilapia products in multiple states within the United States. Gorton's otherwise denies all allegations in paragraph 2.

3.     Answering paragraph 3, Gorton's admits that Defendant sells tilapia products. Gorton's admits that Defendant used the challenged label on certain tilapia products in the past, but that label is no longer in print. Gorton's further denies that the image shown in paragraph 3 represents Gorton's current tilapia packaging in print. Gorton's otherwise denies all allegations in paragraph 3.

4.     Answering paragraph 4, paragraph 4 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies the allegations in paragraph 4.

5.     Answering paragraph 5, Gorton's denies the allegations in paragraph 5.

6.     Answering paragraph 6, paragraph 6 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies the allegations in paragraph 6.

7.     Answering paragraph 7, paragraph 7 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies the allegations in paragraph 7.

8.     Answering paragraph 8, paragraph 8 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies the allegations in paragraph 8.

9.     Answering paragraph 9, paragraph 9 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies the allegations in paragraph 9.

10.     Answering paragraph 10, Gorton's answers that in the Court's August 24, 2022 Decision and Order (Dkt. 42), the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products

and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Gorton's further admits that Plaintiffs seek to bring this case both individually and on behalf of a putative class. Gorton's otherwise denies all remaining allegations in paragraph 10.

## FACT ALLEGATIONS

11.     Answering paragraph 11, Gorton's admits that Defendant used the challenged label on certain tilapia products in the United States in the past, but that label is no longer in print. Gorton's otherwise denies all allegations in paragraph 11.

12.     Answering paragraph 12, Gorton's admits that Defendant sells its tilapia products in various states within the United States using various sales channels. Gorton's otherwise denies all allegations in paragraph 12.

13.     Answering paragraph 13, Gorton's admits that some of its tilapia products used to be labeled "sustainably sourced," but that label is no longer in print. Gorton's otherwise denies all allegations in paragraph 13.

14.     Answering paragraph 14, paragraph 14 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies the remaining allegations in paragraph 14.

I.     **Gorton's Marketing Suggests to Consumers That the Products Are Made From Tilapia Sustainably Sourced in Accordance with High Environmental and Animal Welfare Standards.[1]**

15.     Answering paragraph 15, Gorton's admits that Defendant used the challenged label on certain tilapia products in the past, but that label is no longer in print. Gorton's denies that the image shown in paragraph 3 (which Plaintiffs reference in paragraph 15) represents Gorton's current tilapia packaging in print. Gorton's otherwise denies the allegations in paragraph 15.

---

[1] The Complaint contains multiple headers which consist of argument of counsel to which no response is required. To the extent a response is required, Gorton's denies the contents of each and every header in the Complaint.

16.     Answering paragraph 16, paragraph 16 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies the allegations in paragraph 16.

17.     Answering paragraph 17, Gorton's admits its website contains information about Gorton's sustainability initiatives, including its relationship with the New England Aquarium. Gorton's otherwise denies the allegations in paragraph 17.

18.     Answering paragraph 18, Gorton's admits the current version of its website states as follows: "Gorton's utilizes the latest scientific data and best practices to ensure our seafood is responsibly sourced, made, and packaged for generations to come."[2] Gorton's further admits that the current version of its website states: "Our Trusted Catch™ sustainability and quality initiatives ensure our processes meet the highest standards – from sourcing to supply chain and manufacturing – and minimizes their environmental impact."[3] Gorton's otherwise denies the allegations in paragraph 18.

19.     Answering paragraph 19, Gorton's denies the quoted material in paragraph 19 is accurate as the Complaint selectively cites certain language only, and Defendant refers to the cited material for its full text. Gorton's further denies the allegations in paragraph 19 to the extent that Plaintiffs mischaracterize several of the quotes as appearing on Gorton's social media. Gorton's otherwise denies all remaining allegations in paragraph 19.

20.     Answering paragraph 20, Gorton's denies that federal guidance, or the consumer research that Plaintiffs rely on in their complaint, "suggest to consumers" that "sustainable" claims indicate that products are "sustainably sourced in accordance with high environmental and animal welfare standards." Gorton's denies all remaining allegations in paragraph 20.

21.     Answering paragraph 21, paragraph 21 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's further answers that the Federal Trade Commission ("FTC") has not provided a singular definition for sustainable.

---

[2] https://www.gortons.com/sustainability/
[3] https://www.gortons.com/we-are-gortons/

Gorton's also denies the accuracy of paragraph 21 as the paragraph selectively cites and mischaracterizes FTC guidance. Gorton's denies all remaining allegations in paragraph 21.

22.     Answering paragraph 22, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence and on that ground, denies all allegations in paragraph 22. Furthermore, Gorton's denies paragraph 22 as selectively citing and mischaracterizing the cited survey material which does not support the conclusions asserted in the paragraph.

23.     Answering paragraph 23, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence and on that ground, denies all allegations in paragraph 23. Furthermore, Gorton's denies paragraph 23 as selectively citing and mischaracterizing the cited survey material which does not support the conclusions asserted in the paragraph.

24.     Answering paragraph 24, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences and on that ground, denies all allegations in paragraph 24. Furthermore, Gorton's denies paragraph 24 as selectively citing and mischaracterizing the cited survey material which does not support the conclusions asserted in the paragraph.

## II.    Contrary to Gorton's Claims About Sustainability, the Products Are Sourced From Tilapia Industrially Farmed Using Unsustainable Practices That Are Environmentally Destructive and Inhumane.

25.     Answering paragraph 25, Gorton's denies the portion of paragraph 25 that alleges that Gorton's tilapia products are sourced using unsustainable practices. The remainder of paragraph 25 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies the remaining allegations in paragraph 25.

26.     Answering paragraph 26, Gorton's admits that some of its tilapia is sourced from China. Gorton's denies that Defendant sources tilapia from unsustainable sources, and Gorton's further denies Plaintiffs' allegations in sentence 2 to the extent Plaintiffs allege that tilapia sourced from China are raised unsustainably. Gorton's denies the remaining allegations in paragraph 26.

27.     Answering paragraph 27, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence and on that ground, denies all allegations in paragraph 27. Gorton's further denies the allegations in paragraph 27 as selectively citing and mischaracterizing the cited material.

28.     Answering paragraph 28, Gorton's denies the allegations in paragraph 28 to the extent Plaintiffs allege that all tilapia sourced from China are raised unsustainably. Gorton's denies all remaining allegations in paragraph 28.

## A.     Environmental Harm

29.     Answering paragraph 29, Gorton's denies the allegations in paragraph 29 to the extent Plaintiffs allege that Gorton's tilapia sourced from China are raised unsustainably. Gorton's further denies the allegations in paragraph 29 to the extent that Plaintiffs do not allege the source of the photos used in paragraph 29, nor do they allege the date or place where the photos were taken.   Gorton's denies all remaining allegations in paragraph 29.

30.      Answering paragraph 30, Gorton's denies the allegations in paragraph 30.

31.     Answering paragraph 31, Gorton's denies the allegations in paragraph 31 to the extent Plaintiffs allege that all tilapia sourced from pond aquaculture or from China are raised unsustainably. Gorton's further denies the allegations in paragraph 31 as selectively citing and mischaracterizing the cited material, and refers to the cited material for its full text. Gorton's denies all remaining allegations in paragraph 31.

32.     Answering paragraph 32, Gorton's denies the allegations in paragraph 32 as selectively citing and mischaracterizing the cited material, and refers to the cited material for its full text. Gorton's further denies that the presence of ethoxyquin in tilapia is evidence of unsustainable practices. Gorton's denies all remaining allegations in paragraph 32.

33.     Answering paragraph 33, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence, and on that ground, denies all allegations in paragraph 33.

34.     Answering paragraph 34, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence, and on that ground, denies all allegations in paragraph 34.

35.     Answering paragraph 35, Gorton's denies paragraph 35 to the extent it implies that Gorton's tilapia contains malachite green. Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this sentence, and on that ground, denies all allegations in paragraph 35.

36.     Answering paragraph 36, Gorton's denies paragraph 36 to the extent it implies that Gorton's tilapia contains malachite green. Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this sentence, and on that ground, denies all allegations in paragraph 36.

37.     Answering paragraph 37, Gorton's denies paragraph 37 to the extent it implies that Gorton's tilapia contains malachite green. Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this sentence, and on that ground, denies all allegations in paragraph 37.

38.     Answering paragraph 38, Gorton's denies that the presence of ethoxyquin in tilapia is evidence of unsustainable practices, and answers that Plaintiffs have conceded that any ethoxyquin supposedly found in the tilapia is within limits allowed by the Food and Drug Administration. Furthermore, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this sentence, and on that ground, denies all remaining allegations in paragraph 38.

39.     Answering paragraph 39, Gorton's denies that the presence of ethoxyquin in tilapia is evidence of unsustainable practices, and answers that the Food and Drug Administration regulates the use of ethoxyquin. Furthermore, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this sentence, and on that ground, denies all remaining allegations in paragraph 39.

40.     Answering paragraph 40, Gorton's denies that the presence of ethoxyquin in tilapia is evidence of unsustainable practices, and answers that the Food and Drug Administration regulates the use of ethoxyquin. Gorton's further denies the allegations in paragraph 40 as selectively citing and mischaracterizing the cited material, and refers to the cited material for its full text. Finally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this sentence, and on that ground, denies all remaining allegations in paragraph 40.

41.     Answering paragraph 41, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence, and on that ground, denies all allegations in paragraph 41.

**B.      Poor Animal Welfare**

42.     Answering paragraph 42, paragraph 42 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies the allegations in paragraph 42.

43.     Answering paragraph 43, Gorton's denies the allegations in paragraph 43.

44.     Answering paragraph 44, Gorton's denies the allegations in paragraph 44.

45.     Answering paragraph 45, Gorton's denies the allegations in paragraph 45.

46.     Answering paragraph 46, Gorton's denies the allegations in paragraph 46.

47.     Answering paragraph 47, Gorton's denies the allegations in paragraph 47.

48.     Answering paragraph 48, Gorton's denies the allegations in paragraph 48.

**III.   Gorton's Representations About Sustainability Are Material to Consumers.**

49.     Answering paragraph 49, paragraph 49 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies the allegations in paragraph 49.

50.     Answering paragraph 50, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that ground, denies all allegations in paragraph

50. Furthermore, Gorton's denies paragraph 50 as selectively citing and mischaracterizing the cited survey material which does not support the conclusions asserted in the paragraph. Gorton's denies all remaining allegations in paragraph 50.

51. Answering paragraph 51, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that ground, denies all allegations in paragraph 51. Furthermore, Gorton's denies paragraph 51 as selectively citing and mischaracterizing the cited survey material which does not support the conclusions asserted in the paragraph. Gorton's denies all remaining allegations in paragraph 51.

52. Answering paragraph 52, Gorton's denies paragraph 52 to the extent Plaintiffs allege that Gorton's tilapia is not sustainably sourced or that its marketing is misleading. Gorton's further denies paragraph 52 to the extent it alleges that Gorton's current tilapia packaging in print states "sustainably sourced." Gorton's denies all remaining allegations in paragraph 52.

## IV. Gorton's Claims About Sustainability Mislead and Harm Consumers.

53. Answering paragraph 53, Gorton's denies that its tilapia are unsustainably sourced. Furthermore, paragraph 53 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 53.

54. Answering paragraph 54, Gorton's denies the allegations in paragraph 54.

55. Answering paragraph 55, paragraph 55 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 55, including that any ethoxyquin allegedly found in the testing exceeded regulatory standards.

56. Answering paragraph 56, paragraph 56 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 56.

57.     Answering paragraph 57, Gorton's denies paragraph 57 to the extent Plaintiffs allege that Gorton's tilapia is not sustainably sourced. Gorton's further denies that its sourcing practices are "not… disclosed." Gorton's denies all remaining allegations in paragraph 57.

58.     Answering paragraph 58, paragraph 58 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 58.

59.     Answering paragraph 59, Gorton's denies the allegations in paragraph 59.

60.     Answering paragraph 60, Gorton's denies that it charged a price premium for tilapia products labeled as "sustainably sourced." Furthermore, paragraph 60 asserts legal conclusions to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 60.

61.     Answering paragraph 61, paragraph 61 asserts legal conclusions to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 61.

62.     Answering paragraph 62, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, paragraph 62 asserts legal conclusions to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 62.

63.     Answering paragraph 63, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise,

paragraph 63 asserts legal conclusions to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 63.

## JURISDICTION AND VENUE

64.     Answering paragraph 64, paragraph 64 asserts legal conclusions to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 64.

65.     Answering paragraph 65, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences, and on that ground, denies all allegations in paragraph 65.

66.     Answering paragraph 66, Gorton's admits the allegations in paragraph 66.

67.     Answering paragraph 67, paragraph 67 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 67.

68.     Answering paragraph 68, paragraph 68 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's does not presently intend to challenge personal jurisdiction but otherwise denies the allegations in paragraph 68.

69.     Answering paragraph 69, paragraph 69 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's admits that venue is proper in this District under 28 U.S.C. § 1391(a)-(b), and that Gorton's is a citizen of Massachusetts with its principal place of business in Massachusetts. Gorton's otherwise denies all remaining allegations in paragraph 69.

## PARTIES

70.     Answering paragraph 70, Gorton's admits the allegations in paragraph 70.

71.     Answering paragraph 71, Gorton's admits the allegations in paragraph 71.

72.     Answering paragraph 72, Gorton's admits that it sells its tilapia products using various sales channels. Gorton's otherwise denies all remaining allegations in paragraph 72.

73.     Answering paragraph 73, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences, and on that ground, denies all allegations in paragraph 73.

74.     Answering paragraph 74, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences, and on that ground, denies all allegations in paragraph 74.

75.     Answering paragraph 75, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences, and on that ground, denies all allegations in paragraph 75.

76.     Answering paragraph 76, paragraph 76 asserts legal conclusions to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences. Therefore, Gorton's denies all allegations in paragraph 76.

77.     Answering paragraph 77, paragraph 77 asserts legal conclusions and argument to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence. Therefore, Gorton's denies all allegations in paragraph 77.

78.     Answering paragraph 78, paragraph 78 asserts legal conclusions and argument to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence. Therefore, Gorton's denies all allegations in paragraph 78.

79.     Answering paragraph 79, paragraph 79 asserts legal conclusions and argument to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence. Therefore, Gorton's denies all allegations in paragraph 79.

80. Answering paragraph 80, paragraph 80 asserts legal conclusions and argument to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences. Therefore, Gorton's denies all allegations in paragraph 80.

81. Answering paragraph 81, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences, and on that ground, denies all allegations in paragraph 81.

82. Answering paragraph 82, paragraph 82 asserts legal conclusions to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences. Therefore, Gorton's denies all allegations in paragraph 82.

83. Answering paragraph 83, paragraph 83 asserts legal conclusions to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence. Therefore, Gorton's denies all allegations in paragraph 83.

84. Answering paragraph 84, paragraph 84 asserts legal conclusions to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence. Therefore, Gorton's denies all allegations in paragraph 84.

85. Answering paragraph 85, paragraph 85 asserts legal conclusions to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this sentence. Therefore, Gorton's denies all allegations in paragraph 85.

86. Answering paragraph 86, paragraph 86 asserts legal conclusions to which no response is required. Additionally, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in these sentences. Therefore, Gorton's denies all allegations in paragraph 86.

## CLASS ALLEGATIONS

87.     Answering paragraph 87, Gorton's incorporates by reference its responses to paragraphs 1 through 86 above as though set forth fully herein.

88.     Answering paragraph 88, paragraph 88 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 88.

89.     Answering paragraph 89, paragraph 89 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 89.

90.     Answering paragraph 90, paragraph 90 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 90.

91.     Answering paragraph 91, paragraph 91 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 91.

92.     Answering paragraph 92, paragraph 92 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 92.

93.     Answering paragraph 93, paragraph 93 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 93.

94.     Answering paragraph 94, paragraph 94 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 94.

95.     Answering paragraph 95, paragraph 95 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 95.

96.     Answering paragraph 96, paragraph 96 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 96.

**I.      Numerosity**

97.     Answering paragraph 97, paragraph 97 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 97.

**II.     Commonality**

98.     Answering paragraph 98, paragraph 98 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 98, including the allegations in subsections (a)-(d).

**III.    Typicality**

99.     Answering paragraph 99, paragraph 99 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 99.

100.    Answering paragraph 100, paragraph 100 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 100.

101.    Answering paragraph 101, paragraph 101 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 101.

## IV.  Adequacy

102.  Answering paragraph 102, paragraph 102 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 102.

103.  Answering paragraph 103, paragraph 103 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 103.

104.  Answering paragraph 104, paragraph 104 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 104.

## V.  Predominance and Superiority of Class Action

105.  Answering paragraph 105, paragraph 105 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 105.

106.  Answering paragraph 106, Gorton's denies that Plaintiffs are entitled to the relief they seek. Furthermore, paragraph 106 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 106.

107.  Answering paragraph 107, paragraph 107 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 107.

108.  Answering paragraph 108, paragraph 108 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 108.

## VI.  Declaratory and Injunctive Relief

109.  Answering paragraph 109, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have

failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, paragraph 109 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies the remaining allegations in paragraph 109.

110.    Answering paragraph 110, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, paragraph 110 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies the remaining allegations in paragraph 110.

### CLASS ALLEGATIONS

### Count I

**Violations of New York General Business Law § 349
(on Behalf of Plaintiff Spindel and the New York Subclass)**

111.    Answering paragraph 111, Gorton's incorporates by reference its answers to paragraphs 1 through 110 above as though set forth fully herein.

112.    Answering paragraph 112, paragraph 112 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 112.

113.    Answering paragraph 113, paragraph 113 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 113.

114.    Answering paragraph 114, paragraph 114 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 114.

115.     Answering paragraph 115, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and on that ground, denies all allegations in paragraph 115.

116.     Answering paragraph 116, paragraph 116 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 116.

117.     Answering paragraph 117, Gorton's denies that it charged a price premium for tilapia products labeled as "sustainably sourced." Furthermore, paragraph 117 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all remaining allegations in paragraph 117.

118.     Answering paragraph 118, paragraph 118 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 118.

119.     Answering paragraph 119, paragraph 119 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 119.

120.     Answering paragraph 120, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, paragraph 120 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 120.

121.     Answering paragraph 121, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3).

Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations in paragraph 121 assert legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all remaining allegations in paragraph 121.

122.   Answering paragraph 122, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations of paragraph 122 assert legal conclusions and argument to which no response is required.   To the extent a response is required, Gorton's denies all remaining allegations in paragraph 122.

123.   Answering paragraph 123, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations in paragraph 123 assert legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all remaining allegations in paragraph 123.

### Count II

**Violations of New York General Business Law § 350**
**(on Behalf of Plaintiff Spindel and the New York Subclass)**

124.   Answering paragraph 124, Gorton's incorporates by reference its answers to paragraphs 1 through 123 above as though set forth fully herein.

125.    Answering paragraph 125, paragraph 125 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 125.

126.    Answering paragraph 126, paragraph 126 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 126.

127.    Answering paragraph 127, paragraph 127 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 127.

128.    Answering paragraph 128, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and on that ground, denies all allegations in paragraph 128.

129.    Answering paragraph 129, paragraph 129 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 129.

130.    Answering paragraph 130, paragraph 130 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 130.

131.    Answering paragraph 131, paragraph 131 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 131.

132.    Answering paragraph 132, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations in paragraph 132 assert legal conclusions and argument to which no response

is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 132.

133. Answering paragraph 133, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations in paragraph 133 assert legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 133.

134. Answering paragraph 134, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations in paragraph 134 assert legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 134.

135. Answering paragraph 135, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Therefore, Plaintiffs and the putative class are not entitled to injunctive relief. Otherwise, the remaining allegations in paragraph 135 assert legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 135.

**Count III**

**Unfair and Deceptive Acts and Practices
in Violation of the California Consumer Legal Remedies Act
(on Behalf of Plaintiff McCarthy and the California Subclass)**

136. Answering paragraph 136, Gorton's incorporates by reference its answers to paragraphs 1 through 135 above as though set forth fully herein.

137. Answering paragraph 137, Gorton's admits that Plaintiff McCarthy and the putative Subclass bring a claim under California's Consumer Legal Remedies Act. All allegations in paragraph 137 not expressly admitted are denied.

138. Answering paragraph 138, paragraph 138 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 138.

139. Answering paragraph 139, paragraph 139 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 139.

140. Answering paragraph 140, paragraph 140 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 140.

141. Answering paragraph 141, paragraph 141 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 141.

142. Answering paragraph 142, paragraph 142 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 142.

143. Answering paragraph 143, paragraph 143 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 143.

144.     Answering paragraph 144, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Gorton's admits that it received the letter on behalf of Plaintiff McCarthy but denies that it was under any obligation to provide the relief requested therein. The remaining allegations in paragraph 144 assert legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all remaining allegations in paragraph 144.

### Count IV

**Violations of California's False Advertising Law**
**(on Behalf of Plaintiff McCarthy and the California Subclass)**

145.     Answering paragraph 145, Gorton's incorporates by reference its answers to paragraphs 1 through 144 above as though set forth fully herein.

146.     Answering paragraph 146, paragraph 146 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 146.

147.     Answering paragraph 147, paragraph 147 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 147.

148.     Answering paragraph 148, paragraph 148 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 148.

149.     Answering paragraph 149, paragraph 149 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 149.

150.     Answering paragraph 150, paragraph 150 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 150.

151.     Answering paragraph 151, paragraph 151 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 151.

152.     Answering paragraph 152, paragraph 152 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 152.

153.     Answering paragraph 153, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3).  Otherwise, the remaining allegations in paragraph 153 assert legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all remaining allegations in paragraph 153, including the allegations in subsections (a)-(c).

## Count V

**Violations of California's Unfair Competition Law
(on Behalf of Plaintiff McCarthy and the California Subclass)**

154.     Answering paragraph 154, Gorton's incorporates by reference its answers to paragraphs 1 through 153 above as though set forth fully herein.

155.     Answering paragraph 155, paragraph 155 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 155.

156.     Answering paragraph 156, paragraph 156 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 156, including the allegations in subsections (a)-(b).

157.    Answering paragraph 157, paragraph 157 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 157.

158.    Answering paragraph 158, paragraph 158 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 158.

159.    Answering paragraph 159, paragraph 159 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 159.

160.    Answering paragraph 160, paragraph 160 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 160.

161.    Answering paragraph 161, paragraph 161 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 161.

162.    Answering paragraph 162, paragraph 162 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 162.

163.    Answering paragraph 163, paragraph 163 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 163.

164.    Answering paragraph 164, paragraph 164 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 164.

165.    Answering paragraph 165, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant

stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Otherwise, the remaining allegations in paragraph 165 assert legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 165, including the allegations in subsection (a)-(d).

### Count VI

**Deceptive Acts or Practices in Violation of State Consumer Protection Statutes
(on Behalf of Plaintiffs and the Multistate Subclass)**

166. Answering paragraph 166, Gorton's incorporates by reference its answers to paragraphs 1 through 165 above as though set forth fully herein.

167. Answering paragraph 167, paragraph 167 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 167.

168. Answering paragraph 168, paragraph 168 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 168.

169. Answering paragraph 169, paragraph 169 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 169.

170. Answering paragraph 170, paragraph 170 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 170.

171. Answering paragraph 171, paragraph 171 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 171.

172. Answering paragraph 172, paragraph 172 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 172.

173. Answering paragraph 173, paragraph 173 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 173.

174. Answering paragraph 174, paragraph 174 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 174.

175. Answering paragraph 175, paragraph 175 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 175.

176. Answering paragraph 176, paragraph 176 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 176.

177. Answering paragraph 177, Gorton's answers that in its August 24, 2022 Decision and Order (Dkt. 42) the Court dismissed all claims for injunctive relief "because Plaintiffs have failed to plausibly allege future harm when they no longer purchase the products and Defendant stated at the hearing that the 'sustainably sourced' label is no longer used." (Dkt. 42 at 3). Gorton's also denies that Plaintiffs are entitled to the relief they seek. Otherwise, the remaining allegations in paragraph 177 assert legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all remaining allegations in paragraph 177.

## Count VII

**Breach of Express Warranty
(on Behalf of Plaintiffs and the Class)**

178. Answering paragraph 178, Gorton's incorporates by reference its answers to paragraphs 1 through 177 above as though set forth fully herein.

179. Answering paragraph 179, paragraph 179 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 179.

180. Answering paragraph 180, paragraph 180 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 180.

181. Answering paragraph 181, Gorton's lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and on that ground, denies all allegations in paragraph 181.

182. Answering paragraph 182, paragraph 182 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 182.

183. Answering paragraph 183, the first sentence of paragraph 183 asserts legal conclusions and argument to which no response is required. Gorton's also lacks sufficient knowledge and information to form a belief as to the truth of the allegations in sentence 2 of this paragraph. On these grounds, Gorton's denies all allegations in paragraph 183.

184. Answering paragraph 184, paragraph 184 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 184.

185. Answering paragraph 185, paragraph 185 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 185.

## Count VIII

**Unjust Enrichment**
**(in the Alternative, on Behalf of Plaintiffs and the Class)**

186. Answering paragraph 186, Gorton's incorporates by reference its answers to paragraphs 1 through 185 above as though set forth fully herein.

187. Answering paragraph 187, paragraph 187 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Gorton's denies all allegations in paragraph 187.

188.     Answering paragraph 188, paragraph 188 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 188.

189.     Answering paragraph 189, paragraph 189 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Gorton's denies all allegations in paragraph 189.

## PRAYER FOR RELIEF

Gorton's denies that Plaintiffs or the putative class are entitled to the relief sought in their Prayer for Relief in the Complaint (Dkt. 1 at 33-34), or any other relief whatsoever.  Gorton's further denies that class certification is appropriate in this civil action.

## JURY TRIAL DEMANDED

190.     Gorton's joins Plaintiffs in demanding a trial by jury.

## AFFIRMATIVE DEFENSES

Gorton's sets forth below its affirmative defenses. Each defense is asserted as to all causes of action against Gorton's. By setting forth these affirmative defenses, Gorton's does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiffs' allegations. As separate and distinct affirmative defenses, Gorton's alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Plead with Particularity)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because the allegations in the Complaint are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs and some or all of the group they seek to represent lack standing to bring the claims asserted in Plaintiffs' Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Numerosity)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

## FIFTH AFFIRMATIVE DEFENSE

### (Commonality)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a)(2).

## SIXTH AFFIRMATIVE DEFENSE

### (Typicality)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequacy)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that the named Plaintiffs and class counsel are adequate class representatives of Federal Rule of Civil Procedure 23(a)(4).

## EIGHTH AFFIRMATIVE DEFENSE

### (Predominance)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that common questions of law or fact predominate over individual issues of Federal Rule of Civil Procedure 23(b)(3).

## NINTH AFFIRMATIVE DEFENSE

### (Superiority)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that a class action would be the superior method of adjudication under Federal Rule of Civil Procedure 23(b)(3).

## TENTH AFFIRMATIVE DEFENSE

### (No Harm)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because neither Plaintiffs nor any putative class member sustained any loss, damage, harm, or detriment in any amount as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or any other alleged breach of duty by Gorton's.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches/Estoppel/Waiver)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the doctrine of laches, estoppel, and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because to the extent Gorton's engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent or Authorization)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs expressly or impliedly approved, authorized, ratified, or consented to the complained acts or conduct, and are therefore precluded from recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Compliance With the Law)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Gorton's at all relevant times acted in good faith and in substantial compliance with applicable federal and state laws and regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by Plaintiffs' lack of reliance on alleged representations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Misrepresentation/Omission)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the absence of any material misrepresentations or omissions made by Gorton's to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because to the extent Gorton's engaged in any of the alleged acts, commissions or conduct, it did so in good faith and with innocent intent at all times.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Duty)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent they are based on Gorton's failure to disclose information that Gorton's had no duty to disclose.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because to the extent Gorton's engaged in any act, omission, or conduct that violated any law, it did so as a bona fide error.

### TWENTY-FIRST DEFENSE

#### (Improper Notice)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, due to Plaintiffs' failure to comply with applicable notice requirements.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (No Unlawful Conduct)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Gorton's committed no prohibited act or practice.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Warranties Disclaimed)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Gorton's properly disclaimed all warranties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Mootness)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Gorton's alleged conduct has ceased and is not likely to recur.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Indispensable Parties)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have failed to join all parties whose joinder is necessary both to ensure a complete and just adjudication of this dispute and to avoid a substantial likelihood of prejudice to themselves and to Gorton's.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because the Court does not have subject matter jurisdiction over Plaintiffs' state claims which are preempted by federal law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the doctrine of primary jurisdiction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Abstention)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the doctrine of abstention.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs have not exhausted all available state and federal administrative remedies.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by Plaintiffs' and the putative class's failure to mitigate their damages, if any.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs would be unjustly enriched by any recovery against Gorton's.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Fault of Others/No Vicarious Liability)

Plaintiffs' recovery and the recovery of the putative class is barred, in whole or in part, to the extent any damages suffered by Plaintiffs was proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of Gorton's, and no legal or factual basis exists for imposing liability upon Gorton's for the acts or omissions of any other such persons and/or entities.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims and the putative class's claims for equitable relief are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Barred by Consumer Protection Statutes)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs cannot bring this action under the respective states' consumer protection statutes.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiffs' and the putative class's recovery of attorneys' fees is barred, in whole or in part, because the Complaint fails to state facts that warrant the recovery of attorneys' fees or costs.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Gorton's reserves its right to seek leave to amend this Answer to set forth additional defenses based on its ongoing investigation and discovery into the allegations asserted in the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Gorton's prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. For judgment in favor of Gorton's on Plaintiffs' Complaint;

3. That the Court deny the relief requested by Plaintiffs in the Complaint;

4. That the Court award Gorton's its costs of suit incurred herein, as provided by law; and

5. For such other, further, and different relief as the Court may deem just and proper.

Dated: September 6, 2022

Respectfully submitted,

*/s/ William P. Donovan, Jr.*

**MCDERMOTT WILL & EMERY LLP**

William P. Donovan, Jr. (admitted *pro hac vice,* CA Bar # 155881)
2049 Century Park East
Suite 3200
Los Angeles, California
(310) 788-4121

Mara Theophila (BBO # 704763)
200 Clarendon Street, Floor 58
Boston, MA 02116
(617) 535-4107

Caroline A. Incledon (admitted *pro hac vice*, NY Bar # 5474309)
1 Vanderbilt Avenue
New York, New York 10017
(212) 547-5598

*Attorneys for Defendant Gorton's, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that Gorton's Answer to Plaintiffs' Complaint, filed through the Court's ECF system, will be electronically sent to the registered participants in this matter on the Notice of Electronic Filing (NEF).

*/s/ William P. Donovan, Jr.*

William P. Donovan, Jr. (admitted *pro hac vice,* CA Bar # 155881)